George **STEVENSON** et al., Plaintiffs-Appellants,

v.

The **BOARD OF EDUCATION OF WHEELER COUNTY, GEORGIA** et al., Defendants-Appellees.

No. 28875.

United States Court of Appeals, Fifth Circuit.

May 26, 1970.

---

C. B. King, Elliot Holden, Albany, Ga., Thomas M. Jackson, Macon, Ga., for plaintiffs-appellants.

Wilbur D. Owens, Jr., Macon, Ga., for defendants-appellees.

Before JONES, BELL, and GOD-BOLD, Circuit Judges.

BELL, Circuit Judge:

This is a civil rights case brought under 42 U.S.C.A. §§ 1981 and 1983, and 28 U.S.C.A. § 1343(3), by three male Negro high school students who were suspended from school for refusing to shave. The school authorities deemed them to have been in violation of good grooming rule. The proof disclosed that the rule was applied to all students alike, white and Negro. Two and only two issues are presented. First, whether the school board could constitutionally maintain a good grooming rule for its students which, as a part thereof, required that male students shave. Second, if so, whether the rule was unconstitutionally applied to the three students in question.

The case is such that the district court felt somewhat put-upon by having to fit a controversy over shaving into an inordinately busy schedule. It was viewed as a problem for school administrators. We share this view. The entire problem seems minuscule in light of other matters involving the school system. The district court had just required the conversion of the Wheeler County school system from a dual to a unitary system. Beginning in September 1969, the particular school attended by the three students here was converted from a predominantly white school into a school with a student body having a racial ratio of 50–50 and a faculty consisting of 15 white teachers and 8 Negro teachers.

The district court, after a full hearing, and as part of a comprehensive opinion, concluded that the good grooming rule which had been promulgated by the board of education was reasonable and that it was also reasonable to include a shaving requirement as a part of it if, as was the case, the faculty determined that such a requirement contributed to the educational environment. Stevenson v. Wheeler County Board of Education, S.D.Ga., 1969, 306 F.Supp. 97. The faculty adopted this requirement at a meeting prior to the beginning of school and all students, including the three here involved, were notified of the requirement.

At the outset, it is important to state that this case does not involve the right to wear a mustache; it is limited by its facts to three young men who, having entered puberty, have determined that they are not yet ready to shave or to otherwise remove the hair growth which has accumulated about their faces. In each instance, their parents were of the view that they did not need to shave. Neither the students nor the parents opposed the practice of shaving once the students have reached the point where they need to shave. The school officials say that point has been reached. The students and parents say it has not. The good grooming rule, as to hair style and shaving, had been applied to several other students, Negro and white, who promptly complied and remained in school.[1]

This court and the district courts of this circuit have become increasingly involved in the administration of the education process. Problems concerning the length of hair, and now whether male students should shave, have become federal cases. Ferrell v. Dallas Independent School District, 5 Cir., 1968, 392 F.2d 697; Davis v. Firment, 5 Cir., 1969, 408 F.2d 1085; Griffin v. Tatum, 5 Cir., 1970, 425 F.2d 201; Zachry v. Brown, N.D.Ala., 1969, 299 F.Supp. 1360. Cf. such cases as have involved the right to protest the Vietnam conflict. Tinker v. Des Moines Community School District, 1969, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed. 2d 731, or the right to wear freedom buttons in school, Burnside v. Byars, 5

1. The three students here have not been in school since October 20, 1969, preferring instead to stand on their rights. The complaint was filed on November 3 and, after full hearing, the district court denied relief on November 17. Notice of appeal was filed on December 8. An injunction pending appeal was denied, and the case was heard by this court on January 21, 1970.

Cir., 1966, 363 F.2d 744; Blackwell v. Issaquena County Board of Education, 5 Cir., 1966, 363 F.2d 749.

We have not to date required finality on the part of complaining students in the sense of making certain that expulsion is final from the institutional viewpoint prior to seeking federal court relief. We mean by finality that the expulsion decision is not ripe for adjudication absent the denial of relief to the student by the school board or the designee of the school board, for such purposes. Indeed, in Dixon v. Alabama State Board of Education, 5 Cir., 1961, 294 F.2d 150, we held that due process required such an institutional remedy as a prerequisite to suspending students. Counsel for plaintiffs sought a hearing before the school board but was unable to be present on the date offered him. Suit was then filed in the federal court and no hearing before the school board was required by the district court although defendants contended that the court should not act until the school board had considered the matter.

The district court, as indicated by a statement made from the bench, seemed to be of the opinion that students in the category of these are not required to exhaust administrative remedies. It is true that in Damico v. California, 1967, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647, a welfare case, the Supreme Court described a 42 U.S.C.A. § 1983 remedy as being supplementary to state remedies. This holding was first made in Monroe v. Pape, 1961, 365 U.S. 167, 183, 81 S.Ct. 473, 5 L.Ed.2d 492. See also Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; King v. Smith, 1968, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118; Note, Exhaustion of State Remedies Under the Civil Rights Act, 68 Colum.L.Rev. 1201 (1968).

We do not take these cases to hold, however, that federal courts are to intervene in school personnel and management problems without requiring such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication. On finality, cf. Scoggin v. Lincoln University, W.D. Mo., 1968, 291 F.Supp. 161, 173 (dictum in student suspension case).[2] Cf. also Whitner v. Davis, 9 Cir., 1969, 410 F.2d 24, 28; American Commuters Assoc. v. Levitt, 2 Cir., 1969, 405 F.2d 1148, 1150–1151.

The district court should have required that the complaints of these three students be first referred to the board of education. They were, in fact, processed through the school superintendent level. However, at the hearing in the district court, members of the school board testified, and it is clear from their testimony that they would have sustained the suspension of these students. It, therefore, will not be necessary, under these circumstances, for the matter to be referred back to the school board, and we will proceed to consider the case on the merits.

We repeat what the court said in Griffin v. Tatum, supra:

"This court held in Ferrell v. Dallas Independent School District, 5 Cir.,

2. Although not discussed, Monroe v. Pape and *Damico*, both supra, apparently raise the § 1983 remedy to a higher status than federal habeas corpus where exhaustion of state remedies is required. The Supreme Court long ago fashioned an exhaustion of state remedy doctrine for use in federal habeas corpus cases brought by state prisoners. Ex parte Royall, 1886, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868. The doctrine was founded on the necessity for comity as between federal and state courts. It was reaffirmed in Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. See R. Sokol, A Handbook of Federal Habeas Corpus, 110–26 (1965); Reitz, Federal Habeas Corpus: Impact of an Abortive State Proceeding, 74 Har.L.Rev. 1315, 1325–27 (1961).

Because of our ruling on finality or ripeness, we need not decide whether principles of comity should permit school boards to pass on administrative problems prior to a complainant seeking the federal court remedy.

1968, 392 F.2d 697, that it was proper for school authorities to establish rules and regulations in the interest of school management and this included a hairstyle regulation. We have not denied school authorities in this circuit the right to promulgate reasonable regulations concerning hairstyles. Such regulations and regulations which deal generally with dress and the like are a part of the disciplinary process which is necessary in maintaining a balance as between the rights of individual students and the rights of the whole in the functioning of schools. The touchstone for sustaining such regulations is the demonstration that they are necessary to alleviate interference with the educational process. Ferrell v. Dallas Independent School System, supra, at p. 703. That such regulations may be necessary and, if so, that they may be promulgated and enforced, is also clear from the tenor of Tinker v. Des Moines Community School District, 1969, 393 U.S. 503, 89 S.Ct. 733, 21 L.Ed.2d 731."

The evidence here supported the finding that shaving is a part of good grooming, in the opinion of the faculty, and that a failure to shave is a departure from the norm which has a diverting influence on the student body. The evidence also demonstrated that the three students had a general growth of hair about their faces to the extent that it was not unreasonable for the school officials to say that the time had come for them to shave. There was no evidence of racial discrimination nor any denial of equal protection as amongst the male students. There is no claim that the students did not know of the rule or that they did not understand it. These findings and conclusions of fact establish that the rule in question is founded on a rational basis, and that it was not arbitrarily applied. It follows that no substantial federal constitutional question was presented. There the matter ends.

Affirmed.