### Luke CALLAWAY
### v.
### M. E. KIRKLAND, J. E. Edmonds, and the Clayton County Board of Education.
### Civ. A. No. 13997.

United States District Court, N. D. Georgia, Atlanta Division.

Dec. 29, 1970.

Haas, Holland, Freeman, Levison & Gibert, Atlanta, Ga., for plaintiff.

Hutcheson, Kilpatrick, Watson, Crumbley & Brown, Jonesboro, Ga., for defendant.

EDENFIELD, District Judge.

### ORDER

Plaintiff, a secondary school teacher certified by the State of Georgia, has brought this action pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331(a), 1343(3); alleging that he was dismissed from his teaching position by the defendants in violation of his rights under the First and Fourteenth Amendments to the United States Constitution. The court has before it for consideration (1) defendants' motion to dismiss or alterna-

tively for summary judgment and (2) plaintiff's motion for partial summary judgment. Because of the action taken by the court these motions need not be considered on their merits and will be denied without prejudice to their being refiled at a later date.

Subsequent to two years teaching experience in the Clarke County school system, plaintiff joined the Clayton County school system in September, 1965, and was employed as an English teacher at Forest Park High School until his dismissal on March 19, 1970. By letter of March 17, 1970, plaintiff was advised by the Principal of Forest Park High School, Defendant Kirkland, that a decision on the renewal of his teaching contract for the coming school year was being withheld pending further consideration. On March 19, 1970, the Superintendent of the Clayton County Schools, Defendant Edmonds, informed plaintiff by letter that his services were terminated as of that date for the following reasons:

(1) Telling off-color jokes in class;

(2) Use of "Playboy" magazine as a teaching aid;

(3) Use of the film "Andalusian Dog";

(4) Use of profanity in the classroom;

(5) Displaying a negative attitude;

(6) Failing to follow the set curriculum.

Plaintiff was allegedly summoned from his classroom, presented with the letter of March 19, and instructed to remove himself and his personal belongings from the premises immediately. The only contact indicated in the record between plaintiff and defendants with regard to the dismissal was a brief meeting on March 19, 1970. At the meeting Defendant Edmonds presented plaintiff with the letter of dismissal, a few moments of confusion followed, and the parties left. There is nothing in the record to indicate that any type of meaningful notice or hearing was provided as required by due process.[1] Subsequent to his dismissal by the county superintendent of schools, plaintiff filed his action in this court in lieu of any appeal to local school authorities.

Though plaintiff is not required to exhaust administrative state remedies before maintaining an action under 42 U.S.C. § 1983,[2] the Fifth Circuit Court of Appeals has required what might be termed "institutional exhaustion." Where school personnel and management

---

1. In Ferguson v. Thomas. 430 F.2d 852 (5th Cir.1970), the Fifth Circuit Court of Appeals stated: " * * * [W]hen a teacher who is to be terminated for cause opposes his termination, minimum procedural due process requires that: (a) he be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist, (b) he be advised of the names and the nature of the testimony of witnesses against him, (c), at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense, (d) that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges." 430 F.2d at 856. See also, Dixon v. Alabama State Board of Education, 294 F.2d 150 (5th Cir. 1961).

2. In Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967),

the Supreme Court held three-judge district court's dismissal of § 1983 suit by welfare claimants, who sought injunctive and declaratory relief for failure to exhaust administrative remedies to be error. There the Court stated: "In McNeese v. Board of Education, 373 U.S. 668, [83 S.Ct. 1433, 10 L.Ed.2d 622], noting that one of the purposes underlying the Civil Rights Act was 'to provide a remedy in the federal courts supplementary to any remedy any State might have,' id., at 672 [83 S.Ct. at 1435] we held that 'relief under the Civil Rights Act may not be defeated because relief was not first sought under state law which provided [an administrative] remedy.' id. at 671 [83 S.Ct., at 1435]." 389 U.S. at 417, 88 S.Ct. at 526. See also Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). This approach was recently reaffirmed by the Fifth Circuit in Hall v. Garson, 430 F.2d 430 (5th Cir. 1970).

problems are involved, the party seeking relief in federal court must make "such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication." Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154, 1157 (5th Cir. 1970).

This "ripeness for adjudication" concept has been applied in cases involving the termination of teacher contracts to remand cases to the local school board for further proceedings. In *Ferguson, supra,* the Court stated:

"[W]e believe that the proper administration of justice requires that we caution against * * * court procedures which would allow the full development of the merits of a case of this type as a matter of course. To do so routinely in every such case constitutes both an intrusion into the internal affairs of state educational institutions and an unwise burden on judicial administration of the courts. School constituted review bodies are the proper forums for thrashing out such matters. Federal Court hearings in cases of this type should be limited in the first instance to the question of whether or not federal rights have been violated in the procedures followed by the academic agency in processing the plaintiff's grievance. If a procedural deficit appears, the matter should, at that point, be remanded to the institution for its compliance with minimum federal or supplementary academically created standards. This should be done so that the matter can first be made ripe for court adjudication by the school authorities themselves." [3] 430 F.2d at 858.

Under the foregoing authority, the court considers it appropriate to remand the case to the county board of education for compliance with minimum due process standards of the nature described in *Ferguson, supra.*[4] Not only does it appear the plaintiff was not afforded due process in connection with his dismissal, but it is further questioned whether the county superintendent of schools had the authority to dismiss plaintiff.[5] Because of the confusing nature and incomplete status of the action taken by the county school superintendent, the court considers the case to lack the requisite finality to make it ripe for adjudication.

It is therefore ordered and adjudged that defendants' motion to dismiss or alternatively for summary judgment and plaintiff's motion for partial summary judgment be denied without prejudice to their being refiled at an appropriate later date, and that the case be remanded to the Clayton County Board of Education with instructions to promptly commence proceedings consistent with this order.

3. By way of clarification the Court stated: "It is not our intention to create, by the procedures recommended, a hybrid form of appellate review jurisdiction in the federal district courts under 42 U.S.C. § 1983 * * *. Rather, our objective is to make actions brought under § 1983 in circumstances similar to these, most effective by channeling the court procedures to a determination (a) that the complainant was accorded due process in the procedures by which he was terminated, *and* (b) that the board had before it substantial evidence to support its conclusion." 430 F.2d at 859.

4. *See* Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970). The Court notes that in *Stevenson, supra,* it is suggested that complaints be processed through the county board level prior to seeking relief in federal court. Furthermore, *Ferguson, supra,* suggests remand is appropriate when a procedural deficit appears.

5. Ga.Code Ann. § 32–1010, upon which the defendant superintendent relies for authority to dismiss, provides only for suspension of teachers. Ga.Code Ann. § 32–912 provides for suspension of teachers by the county board of education following compliance with statutory notice and hearing requirements. The statutes create the unusual situation in which the superintendent has a freer hand in teacher suspension than the local board. The statutes are mute as to teacher dismissal, with the possible exception of Ga.Code Ann. § 32–608 which gives the State Board of Education authority to revoke teachers' certificates.