Mr. **Edward GRIFFIN**, Mrs. **Rebecca Reed**, Mr. **Clarence Johnson, Sr.**, Mr. **Earl Coxen, Sr.**, and Mrs. **Cecile Triggs**, Plaintiffs,

v.

Mr. **W. J. DeFELICE**, Superintendent, Mr. **T. L. Fakier**, Principal of Thibodaux High School and Dr. **Robert H. Dolese**, President of Lafourche Parish School Board, Defendants.

**Civ. A. No. 71-67.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

Jan. 29, 1971.

Alfred E. Mitchell, Plaquemine, La., for plaintiffs.

Bernard Knobloch, Thibodaux, La., for defendants.

RUBIN, District Judge:

As a result of a disturbance at Thibodaux High School on September 23, 1970, plaintiffs and others were expelled by the school principal for the remain-

der of the 1970–1971 school year. On January 8, 1971, plaintiffs filed a motion for a Temporary Restraining Order in this Court seeking immediate re-instatement. They contended that, long before their offenses were committed, the school board had itself adopted a schedule of penalties for various offenses, including the conduct charged against each student, and these penalties were less severe than the penalty the principal imposed. They further alleged that the notice sent to each student's parents prior to the disciplinary hearing had understated the severity of the student's offense, and, thereby, the harshness of the potential penalty. Thus, it is claimed that the punishments were meted out without due process of law. See Dixon v. Alabama State Board of Education, 5 Cir. 1961, 294 F.2d 150. In addition, they contended that the principal discriminated on the basis of race in deciding whom to discipline and what penalty was appropriate: black students were more strictly disciplined than their white counterparts in the disturbance and many white students who participated were not penalized at all. The defendants have moved for dismissal on the ground that the plaintiffs have failed to exhaust the administrative remedies set out in the Louisiana school discipline law, LRS 17:416:

> The parent or tutor of the pupil may, within five days after the decision is rendered, request the city or parish school board to review the findings of the superintendent or his designate at a time set by the school board; otherwise the decision of the superintendent shall be final. If requested, as herein provided, and after reviewing the findings of the superintendent or his designate, the school board may affirm, modify or reverse the action previously taken.

> The parent or tutor of the pupil may, within ten days, appeal to the district court for the parish in which the student's school is located, from an adverse ruling of the school board in upholding the action of the superintendent or his designate. The court may reverse or revise the ruling of the school board upon a finding that the ruling of the board was based on an absence of any relevant evidence in support thereof.

Historically, federal courts have required the exhaustion of state administrative remedies, even while finding that state judicial remedies could be ignored. Wright, Federal Courts, Sec. 49 (1970). The distinction is not tenuous: resort to a court for relief invokes the same sort of process, whether the court be state or federal. Congress has not "routed all federal constitutional questions through the state court systems." Wisconsin v. Constantineau, 1970, 400 U.S. 433, p. 437, 91 S.Ct. 507, p. 510, 27 L.Ed.2d 515. Hence, once it become necessary to litigate an issue involving federal questions, a petitioner is granted by federal statute the right to seek the aid of a federal court. 42 U.S.C.A. § 1983.

"The rationale for this distinction is that until the administrative process is complete, it cannot be certain that the party will need judicial relief, but when the case becomes appropriate for judicial determination, he may choose whether he wishes to resort to a state or federal court for such relief." Wright, Sec. 49, 187. See Moreno v. Henckel, 5 Cir. 1970, 431 F.2d 1299, "There are good reasons in favor of requiring exhaustion of administrative remedies which are not applicable to exhaustion of state judicial remedies." While the opinion does, in footnote 17, indicate that there is some authority to support the elimination of a requirement of exhaustion of administrative remedies in cases brought under 28 U.S.C.A. § 1343, some of these authorities deal only with the situation where the "claim is based entirely on federal law." Compare, Stevenson v. Board of Education of Wheeler County, Georgia, 5 Cir. 1970, 426 F.2d 1154.

But in some instances a case may raise questions that involve internal problems of an administrative agency

that should be first reviewed by that agency before litigation of any kind, state or federal is permitted. This case is an illustration: it is alleged the principal did not follow the school board's rules and did not give the kind of notice the state statute contemplates. These are matters that the school board should have at least an opportunity to rectify before litigation ensues.

Recently, the United States Supreme Court and the Fifth Circuit Court of Appeals have determined that no exhaustion of remedies is necessary when a party seeks redress under 42 U.S.C. § 1983 for the deprivation of a fundamental right. McNeese v. Board of Ed. 1963, 373 U.S. 668, 83 S.Ct. 1433, 10 L. E.2d 622; Rainey v. Jackson State, 5 Cir. 1970, 435 F.2d 1031. Even if the state remedy is adequate, if the right jeopardized is fundamental, exhaustion is unnecessary. Damico v. California, 1967, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647; Note, Exhaustion of State Remedies Under the Civil Rights Act, 68 Co. L.Rev. 1201 (1968); cf. Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319; Moreno v. Henckel, 5 Cir. 1970, 431 F.2d 1299.

The rationale of these decisions is that the federal courts have a duty to protect the exercise of fundamental constitutional rights and litigants should be able to vindicate their rights in this forum without exhausting state remedies. By this test the rights sought to be enforced here—whether arising under the due process clause or the equal protection clause—are fundamental.

Other decisions of the Fifth Circuit, however, indicate that exhaustion of remedies in some cases is required. Stevenson v. Board of Education of Wheeler County, Georgia, 5 Cir. 1970, 426 F.2d 1154. The several decisions of the Fifth Circuit Court of Appeals are difficult to rationalize completely but they appear to have a common strand requiring resort to state administrative remedies where a potentially adequate administrative remedy is supplied by state law and state law questions underlie the issue that must be determined. On the other hand, where there is no underlying issue of state law, and particularly when there is doubt concerning the adequacy of the state administrative remedy, "then resort to a federal court for protection of their federal rights" is permitted. McNeese v. Board of Education, supra.

It is difficult from the brief per curiam in Damico v. California, 1967, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647, to determine why resort to state administrative remedies was not required there. But at least with respect to the question of unconstitutionality of the state statute raised in that case, no administrative remedy would have been adequate. For no state administrative agency could declare unconstitutional the state statute that furnished its raison d'etre. (Apparently Justice Harlan thought it could: See his dissent, 389 U.S. at 416, 88 S.Ct. 526.)

Similarly in Houghton v. Shafer, 1968, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed.2d 1319, the court held that a prisoner who had made an effort to seek administrative relief could not be required to pursue his remedies further through a complex, multi-level system where this would likely be a futile act. The court also noted, "[T]he rules of the prison were validly and correctly applied to petitioner; these rules are further said to be strictly enforced throughout the entire correctional system in Pennsylvania." The court agreed, "in any event, resort to these remedies is unnecessary in the light of our decisions in Monroe v. Pape [365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492]; McNeese v. Board of Education * * * Damico v. California * * *"

These decisions do not obviate, but indeed continue to exact, the requirement that administrative remedies must be exhausted where a simple and adequate remedy is presented, and there are underlying issues of state law. Whether the principal correctly applied the school board's rules is such an issue.

In *Houghton,* however, where it was clear that the prison officials were correctly applying prison rules, no issue of state law existed. It is consonant with this reasoning that the Fifth Circuit has noted:

> * * * [E]xhaustion of administrative remedies is still required at least to the extent that it is necessary to have an authoritative institutional decision or pronouncement. Thus it might be necessary to require a school student to seek school board review of a principal's action. Stevenson v. Bd. of Education of Wheeler County, 5 Cir., 1970, 426 F.2d 1154. Hall v. Garson, 5 Cir. 1970, 430 F.2d 430.

■ Here the state administrative remedy does not appear to be calculated to, or adequate for, redress of a denial of equal protection. The school board had no special qualifications to determine this issue, there are no underlying issues of state law, and it is not one that has been of historic concern to school boards in this area. On the other hand, whether a particular principal has employed a penalty that exceeds the one fixed by the board, whether he has given proper notice to the parents, whether he is unfairly favoring one student over another, whether one principal is acting in a manner not sanctioned for principals of other schools—these are all issues that the school board itself is uniquely qualified to hear and *perhaps to remedy if* complaints are justified.

With respect therefore to the claims that the penalties meted out by the principal exceeded those fixed by the school board, and that the notices sent the parents of the students who were to be disciplined were inadequate, the plaintiffs must exhaust their administrative appeal before invoking the powers of the federal court. If the facts are as alleged, the principal has violated the school board's own disciplinary procedures. In that event, a federal court ought not "intervene in school * * * management problems without requiring such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication." Stevenson v. Board of Education of Wheeler County, Georgia, supra. (5 Cir. 1970, 426 F.2d 1154, 1157.)

■ However, the plaintiffs need not assert before a state administrative agency their right to be treated equally. Accordingly, a hearing would be held on the equal protection claim without delay. However, if the relief sought is granted administratively when applied for, it will be unnecessary to hear that issue. Therefore, the hearing on the claims required by this opinion to be presented through the administrative process will be stayed. If the plaintiffs do not present their appeal to the school board within five calendar days, they will be considered to have abandoned this issue. If they do so, and if within ten calendar days thereafter the school board has failed to take any action, a hearing will be set on that issue. A conference to discuss the status of this case will be held on February 12, 1971 at 2 P.M. The hearing on any issues requiring a hearing will be held on February 17, 1971 at 10 A.M. The hearing set for February 1, 1971, at 2:00 P.M. is cancelled. Nothing in this opinion intimates a decision on the issue not yet raised or briefed by counsel concerning whether or not the plaintiffs' claims with respect to relief provided by state law are time-barred by the state statute.