Norman **WILLIAMS, Jr.,** et al.

v.

**VERMILION PARISH SCHOOL BOARD** et al.

Civ. A. No. 17447.

United States District Court,
W. D. Louisiana,
Lafayette Division.

June 30, 1972.

Marion Overton White and Joshua J. Pitre, Opelousas, La., for plaintiffs.

Harry J. Kron, Jr., Thibodeaux, La., for defendants.

PUTNAM, District Judge.

## MEMORANDUM OPINION

The plaintiffs in the above-entitled matter allege that 42 U.S.C. § 1983 and 28 U.S.C.A. § 1343 give this Court jurisdiction to consider whether or not their constitutional right to due process of law was violated by use of the procedure which was in fact followed by the defendants in the expulsion of Norman Williams, Jr. and Roland Evans, students at Abbeville High School. This was the only issue submitted to the Court at the evidentiary hearing (Tr. 12, 13). The request for injunctive relief is now before the Court on the merits (Tr. 114, 115). The remaining issues concerning damages are not reached in light of the Court's conclusion that this case is not yet ripe for adjudication. We have jurisdiction as alleged.

## FINDINGS OF FACT

1. This suit is filed by the parents, as next friend, of Norman Williams, Jr. and Roland Evans, former students at Abbeville High School, Vermilion Parish, Louisiana. Norman Williams, Jr. and Roland Evans will hereinafter be referred to as the plaintiffs.

2. The plaintiffs, Negroes, were involved in an alleged beating of another student on the school grounds on June 2, 1971; the extent of their involvement is not an issue before this Court.

3. Written and recorded oral statements concerning this incident were taken from the plaintiffs, who were students at Abbeville High at the time, on June 2, 1971. The transcript of their oral statements (D–6) and the written statements (D–4, 5) were admitted into evidence at the hearing before this Court.

4. The Superintendent of the Vermilion Parish Schools, a defendant herein, notified the parents of the plaintiffs by letters dated June 17, 1971 (P–1, 2) that their children were expelled as a result of their participation in the incident of June 2, 1971. The expulsion was recommended by the Principal of Abbeville

High School, also a defendant herein. (See D–8)

5. The parents of the plaintiffs met with the principal and the superintendent on August 10, 1971, in the Superintendent's office. The transcript of this meeting (P–3) is entitled "HEARING PURSUANT TO L.R.S. 17:416 DISCIPLINE OF PUPILS." However, it is apparent from the transcript itself and the testimony at the evidentiary hearing before this Court that the purpose of the meeting was to lecture the parents on the seriousness of the offense charged and the seriousness of the penalty; it served only to give the parents the false hope, a few weeks before the beginning of the school term, that their children might be able to complete their senior year by June of 1972.

6. On August 26, 1971, the superintendent wrote the parents (D–1, 2) to inform them that the plaintiffs were expelled for the entire 1971–72 term; however, the parents were not informed of their right to seek review of this decision by the school board pursuant to L.R.S. 17:416, or to appeal to the District Court as that statute provides. In fact, the "Abbeville High School Policies", Exhibit D–7, does not even refer to this act of the legislature, but rather to its predecessor, Act 206 of 1962, which was at that time repealed and did not contain any provisions for administrative remedies.

## CONCLUSIONS OF LAW

Under the facts of this case, the principle announced in Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154 (5 Cir. 1970), cert. den. 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 is applicable here, i. e., this case is not yet "ripe for adjudication." The merits of this complaint should be presented to the Vermilion Parish School Board for final disposition there before filing suit in this court under § 1983. Cf. Wood v. Alamo Heights Independent School District, 433 F.2d 355 (5 Cir. 1970); Ferguson v. Thomas, 430 F.2d 852 (5 Cir. 1970); Griffin v. De-

Felice, 325 F.Supp. 143 (E.D.La.1971); Press v. Pasadena Independent School District, 326 F.Supp. 550 (S.D.Tex. 1971); Callaway v. Kirkland, 320 F. Supp. 1135 (N.D.Ga.1970), after remand 334 F.Supp. 1034 (1971).

In Ferguson v. Thomas, supra, which concerned the due process rights of a college professor whose employment had been terminated, the Fifth Circuit restated the "ripe for adjudication" principle of Stevenson v. Board of Education of Wheeler County Georgia, supra, which involved the suspension of high school students for violating the school good grooming rule. As in *Stevenson*, the Court in *Ferguson* did not remand to the district court for referral back to the school board, but nevertheless it reinforced the principle with the following language:

"Although the procedure followed by the district court in this case has enabled us to dispose of this appeal, we believe that the proper administration of justice requires that we caution against any similar court procedures which would allow the full development of the merits of a case of this type as a matter of course. To do so routinely in every such case constitutes both an intrusion into the internal affairs of state educational institutions and an unwise burden on judicial administration of the courts. * * * *If a procedural deficit appears, the matter should, at that point, be remanded to the institution for its compliance with minimum federal or supplementary academically created standards. This should be done so that the matter can first be made ripe for court adjudication by the school authorities themselves.* (Citing Stevenson)" 430 F.2d 852, 858. (Emphasis supplied.)

Any deficiency in procedural due process may be cured by a subsequent hearing within the institution although there may be a considerable interim between the initial hearing and the hearing to be had on appeal to the school board. Cf. Lucas v. Chapman, 430 F.2d 945 (5 Cir.

1970); Pervis v. LaMarque Independent School District, 328 F.Supp. 638 (S.D. Tex.1971).

In Pervis v. LaMarque Independent School District, supra, the plaintiffs, high school students suspended for disciplinary reasons, alleged that the manner in which they were suspended violated the due process clause of the Constitution. The district court referred the matter first to the school board under *Stevenson* so that the suspensions might be rendered final within the institution. After a hearing was held before the board, the district court concluded that the plaintiffs' rights to due process of law were not violated in the procedures followed by the board. In rejecting the plaintiffs' contention that the delay between the date of the suspensions and the hearing before the board was a denial of due process, the court stated:

> "It is sufficient to note that the plaintiffs did not request an earlier hearing, and must therefore bear responsibility for the delay. In any event, it is clear that the absence or deficiency of an initial hearing may be cured by a valid subsequent hearing, albeit after an interim of time. (Citation omitted.) It is observed that the Court of Appeals for this Circuit, in recent school cases, has tacitly approved interims ranging from six months, French v. Bashful, 425 F.2d 182 (5th Cir. 1970), to two years, Lucas v. Chapman, 430 F.2d 945 (5th Cir. 1970)." 328 F.Supp. 638, 645.

Although technically the time has elapsed for an appeal to the school board under La.R.S. 17:416, the defendants have indicated by their post-hearing brief that a new hearing can be had before the superintendent that will comply with La.R.S. 17:416 and the standards of Dixon v. Alabama State Board of Education, 294 F.2d 150 (5 Cir. 1961) cert. denied 368 U.S. 930, 82 S.Ct. 368, 7 L. Ed.2d 193. It is apparent that the meeting of August 10, 1971 did not comply

with these minimal due process standards. See Williams v. Dade County School Board, 441 F.2d 299 (5 Cir. 1971); Cf. Banks v. Bd. of Public Instruction of Dade County, 314 F.Supp. 285 (S.D.Fla.1970, 3 judges), aff'd 450 F.2d 1103 (5 Cir. 1971).

In Dunn v. Tyler Independent School District, 460 F.2d 137 (5th Cir., April 11, 1972), the Fifth Circuit affirmed that part of the district court opinion holding that the procedural due process requirements of the Fourteenth Amendment were violated in that case as applied to indefinite suspensions, which, with expulsion, is an extremely harsh penalty to be used sparingly, as compared to day-to-day disciplinary suspensions of from one to three days. See Dunn v. Tyler Independent School District, 327 F.Supp. 528 (E.D.Tex.1971).

Considering the foregoing findings of fact and conclusions of law,

IT IS NOW ORDERED that the Superintendent and the Vermilion Parish School Board be given an opportunity to vacate the expulsions in this case or to render them final within the institution, and consequently,

IT IS FURTHER ORDERED that within ten (10) days hereof the defendants proceed to conduct a hearing *de novo* by the Superintendent or his designate, with full protection afforded the plaintiffs of their rights to federal due process in accordance with the standards hereinabove set forth and the State procedure as provided by statute, La.R.S. 17:416(C), and the plaintiffs may, in the event of an adverse ruling, request the School Board to review such findings and thereafter, may also elect to proceed in State District Court pursuant to said section of the Louisiana Revised Statutes.

IT IS FURTHER ORDERED that all further proceedings herein be stayed until this matter is ripe for adjudication, as above set forth.