**Sarah Jane PARKER**

v.

**John W. LETSON, Individually and in his Capacity as Superintendent of the Atlanta School System et al.**

**Civ. A. No. 18029.**

United States District Court,
N. D. Georgia,
Atlanta Division.

May 29, 1974.

Malcolm D. Young, Jr. (Peterson & Young), Atlanta, Ga., for plaintiff.

Lenwood A. Jackson, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

On April 2, 1974, the above-styled teacher-dismissal civil rights action was heard by the Court sitting without a jury. Plaintiff's complaint alleged that her discharge from the position of a tenured teacher was in violation of her civil rights because the discharge did not comport with the constitutional standards of due process. At the conclusion of the trial, the Court issued an oral finding that the procedures employed by the defendants in discharging the plaintiff violated due process of law. Subsequent to the Court's oral finding, however, defendants presented an argument that plaintiff should not be allowed to recover because she had failed to exhaust her available state administrative remedies prior to filing this civil rights action. In order to clarify when the law requires an exhaustion of administrative remedies prior to bringing a civil rights action the Court deferred consideration of the question, directed the parties to file briefs, and now issues this final opinion.

In a series of cases beginning with Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the United States Supreme Court has held that it is not necessary for civil rights plaintiffs to exhaust their available state remedies before a federal court will accept jurisdiction. In *Monroe* the Court held: "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." 365 U.S. at 183, 81 S.Ct. at 482. Two years later in McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), the Court reaffirmed and extended this position to include state administrative remedies.

While it is beyond dispute that these principles have been applied in the Fifth Circuit,[1] defendant insists that the Fifth Circuit requires an exhaustion of administrative remedies within the educational institution before federal courts will intervene in school personnel and management problems. Relying on Stevenson v. Board of Education, 426 F.2d 1154 (5th Cir. 1970), defendant contends that federal courts should not intervene in school personnel and management problems "without requiring such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication." 426 F.2d at 1157. Defendants note that plaintiff failed to comply with Georgia state law by appealing the adverse opinion of the local board to the state board of education and therefore the matter is not final or

1. Moreno v. Henckel, 431 F.2d 1299 (5th Cir. 1970); Rainey v. Jackson State College, 435 F.2d 1031 (5th Cir. 1970).

"ripe for adjudication" and under the *Stevenson* rationale should not be before this Court.

Defendants' reliance on such a broad application of *Stevenson* is misplaced, however, because the criteria for "finality" are not the same in every situation. In *Stevenson*, a student dismissal civil rights case, the Court of Appeals stated that the district court should have required the complaints of the three student plaintiffs to be first referred to the Board of Education before allowing them to proceed further in federal court. The *Stevenson* court noted that it had not previously "required finality on the part of complaining students in the sense of making certain that expulsion is final from the institutional viewpoint prior to seeking federal court relief." 426 F.2d at 1157. But, after citing Monroe v. Pape, Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967), and òther cases, the *Stevenson* court stated:

> "We do not take these cases to hold, however, that federal courts are to intervene in school personnel and management problems without requiring such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication. On finality, cf. Scoggin v. Lincoln University, W.D.Mo., 1968, 291 F. Supp. 161, 173 (dictum in student suspension case). 2 Cf. also Whitner v. Davis, 9 Cir., 1969, 410 F.2d 24, 28; American Computers Assoc. v. Levitt, 2 Cir., 1969, 405 F.2d 1148, 1150–1151." 426 F.2d at 1157

In the instant action, defendants rely on the above-quoted portion of *Stevenson* and contend that Ms. Parker's complaint is not "ripe for adjudication" because Ms. Parker has not appealed the adverse decision of the local school board to the state board of education.

Defendants' argument, however, is far too simplistic and is an improper application of the holding in *Stevenson*. In discussing "finality," the *Stevenson* court referred to Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969). In *Whitner*, a teacher dismissal case, the district court had held that plaintiff's civil rights complaint failed to state a claim under 42 U.S.C. § 1983 because she had not exhausted her available state administrative remedies since she did not apply for a hearing to appeal her dismissal. In discussing the need for exhaustion of available state administrative remedies, the *Whitner* court distinguished between a pre-discharge administrative hearing and a post-discharge administrative hearing:

> "If the State administrative remedy here in question were designed to provide a means of obtaining relief from, or compensation for, a deprivation of civil rights which had already occurred, Mrs. Whitner would not have been required to exhaust it before instituting this civil rights action. See McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622, followed in Houghton v. Shafer, 392 U.S. 639, 88 S.Ct. 2119, 20 L.Ed. 2d 1319 and Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647.

> "But the administrative remedy available to Mrs. Whitner was not designed to be remedial in this sense. Instead, it provided a means of forestalling a threatened future deprivation of civil rights. . . . Had she taken advantage of the opportunity afforded her to apply for a hearing before the 'Senate Personnel' Committee or the Board of Trustees, she might have persuaded College authorities not to discharge her. In that event she would have had nothing to complain about in either a state or federal court." 410 F.2d at 28.

The above-noted distinction between a pre-discharge administrative hearing and post-discharge administrative hearing is important with respect to the issue of "finality" because it makes clear

that where the discharge has already occurred and further administrative proceedings would merely be remedial, an exhaustion of such administrative remedies is not required prior to the filing of a civil rights complaint. Under the *Whitner* rationale, a teacher dismissal civil rights complainant should be required to exhaust further available state administrative remedies only if those remedies would forestall a threatened future deprivation of civil rights, but exhaustion will not be required if the available state administrative remedies are merely remedial in nature and the deprivation of civil rights has already occurred.

In the instant action, since plaintiff had been discharged by the Atlanta Board of Education, further administrative appeals would have been post-discharge hearings and therefore not required. Accordingly, plaintiff's claim in the instant action is "ripe for adjudication" as required by *Stevenson, supra,* and this Court therefore has jurisdiction to consider it.

Moving now to the merits of plaintiff's claim, the Court finds that prior to her dismissal plaintiff was a tenured teacher employed by the Atlanta Public School System. As a tenured teacher she could be discharged for cause but the procedures employed in effectuating the discharge must comport with the minimum constitutional standards of procedural due process as articulated by the Fifth Circuit Court of Appeals in Ferguson v. Thomas, 430 F.2d 852 (5th Cir. 1970). The *Ferguson* court held that minimum procedural due process requires that:

"(a) he be advised of the cause or causes for his termination in sufficient detail to fairly enable him to show any error that may exist,

"(b) he be advised of the names and the nature of the testimony of witnesses against him,

"(c) at a reasonable time after such advice he must be accorded a meaningful opportunity to be heard in his own defense,

"(d) that hearing should be before a tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges." [430 F.2d at 856.]

As a preliminary matter, the Court finds that on August 14, 1972, plaintiff was notified that she was discharged from her tenured employment with the Atlanta school system effective August 31, 1972, and that no salary or other compensation has been paid to plaintiff subsequent to August 31, 1972. In a letter dated August 14, 1972, Superintendent Letson informed Ms. Parker that she was being discharged because of her "rejection of supervision, failure to follow established procedures, and other acts inconsistent with teacher professional behavior . . . ." No other correspondence between any of the defendants and plaintiff serve to otherwise notify her of any other reasons for her discharge. On September 11, 1972, the Atlanta Board of Education conducted a hearing to review the superintendent's decision to discharge plaintiff and at that hearing plaintiff was afforded adequate time to respond but, as will be seen below, plaintiff was not afforded an adequate opportunity to sufficiently rebut the evidence and testimony offered against her at that hearing.

Considering the *Ferguson, supra,* criteria, the Court first finds that with respect to criterion (d) there is no evidence to indicate that the Atlanta Board of Education is not a "tribunal that both possesses some academic expertise and has an apparent impartiality toward the charges." With respect to *Ferguson* criterion (a), the Court finds that the letter of John W. Letson, Superintendent of Schools, dated August 14, 1972, fully notified plaintiff that she was discharged from her tenured employment with the Atlanta school system effective August 31, 1972, because of her "rejection of supervision, failure to follow established procedures, and other acts in-

consistent with teacher professional behavior . . . ." The Court further finds that, by reason of the plaintiff's past course of conduct and the voluminous correspondence and memoranda with respect thereto, this specification of causes was in sufficient detail to enable the plaintiff to show any error that might exist in those charges.

With respect to *Ferguson* criterion (b), the Court finds that there is no evidence showing that Ms. Parker was "advised of the names and the nature of the testimony of the witnesses against [her]." There is evidence to the contrary as set forth below.

With respect to *Ferguson* criterion (c), the Court finds that although Ms. Parker had adequate time to respond to the charges lodged against her, she did not have knowledge of the specific evidence and charges listed against her in a memorandum written by her supervisor and distributed to the Board prior to the hearing. The evidence shows that Ms. Parker saw the memorandum in the possession of some Board members during the hearing but she was not able to read it and did not know its contents. Since the memorandum came from her supervisor it was in effect a witness against her just as much as if her supervisor had been present in person in which case she would have had an opportunity to respond to the allegations which he made. The Board's failure to notify Ms. Parker of the names and nature of the testimony of the witnesses against her and the failure to give her a copy of her supervisor's memorandum which was used against her at the hearing, constituted a violation of Ms. Parker's constitutional right to minimum procedural due process as explained by the Court in *Ferguson v. Thomas*. Accordingly, Ms. Parker's termination of employment must be, and is hereby, set aside with an award for back pay.

Although this Court is not sitting to decide whether just cause existed for the proper dismissal of Ms. Parker, in order to clarify the impact of this Court's decision with respect to future actions of the Board of Education, it should be clearly understood that the evidence was sufficient, in the opinion of the Court, to subject plaintiff to summary and immediate termination of employment for her flagrant insubordination and nothing herein prejudices the right of the Atlanta Board of Education to terminate plaintiff's services after following the proper criteria set forth in *Ferguson v. Thomas*. The Board of Education made a good faith effort to do that but, unfortunately, as in many cases involving termination from public employment, there is often an effort to by-pass the real issue (as in polite conversation) and not speak directly to the point. Where there has been an instance of flagrant insubordination, as in the instant case, it should not be approached on the basis of broad and all inclusive charges. Those simply avoid the problem. In cases of this nature, officials should take the pains to go into detail and spread out on the record the precise reasons why the employee is being terminated so everyone can see and make sure that the record shows what is the true basis of the discharge and what the problems have been. The effort to "salve" the feelings of the employee and not be direct and forthright is self-defeating and is the very cause for much litigation of this nature.

The Court defers ruling on the issue of attorney's fees because it appears that the evidence presently before the Court is insufficient to enable the Court to make a proper finding in accordance with Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Accordingly, plaintiff is directed to make further submissions regarding attorney's fees in light of the factors enunciated in *Johnson*.

So ordered.