**Mark Keith BOUSE et al.**

v.

**Donald P. HIPES et al.**

**No. IP 70–C–515.**

United States District Court,
S. D. Indiana,
Indianapolis Division.

Dec. 8, 1970.

Brent A. Barnhart, Indianapolis, Ind., for plaintiffs.

David S. Richey, Parr, Richey, Obremskey, Petersen & Morton, Lebanon, Ind., for defendants.

## MEMORANDUM OPINION

NOLAND, District Judge.

This matter came before the Court for hearing on October 2, 1970, on the plaintiffs' complaint, which alleged that this Court had jurisdiction based on Title 28, U.S.C. §§ 1331, 1343, 2201 and 2202; further, under Title 42, U.S.C.A. §§ 1981, 1983 and 1985; and also alleging the matter in controversy to be within the provisions of the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Fourteenth Amendments to the United States Constitution. Thereafter, the defendants filed their answer. Plaintiffs, Mark Keith Bouse and Guy Foster Davis were granted a temporary restraining order without notice, which required their readmission to Lebanon Senior High School, Lebanon, Indiana.

The restraining order was granted on August 27, 1970, and expired under Rule 65, Federal Rules of Civil Procedure, ten days thereafter. The cause was then set for hearing on October 2, 1970. Prior to the date of hearing, plaintiffs filed a motion for extension of the temporary restraining order, which was denied. Plaintiffs further filed request for leave to amend complaint and allege monetary damages, which request was denied by the Court.

The matter then came on for hearing on a request for permanent injunctive relief ordering defendant school officials to refrain from denying admission and enrollment of the plaintiffs to Lebanon Senior High School for the year 1970–71 and such successive years as are applicable to the individual plaintiffs.

The gravamen of plaintiffs' complaint is that each of the plaintiffs is being denied admission to Lebanon Senior High School because of overly long hair and in the case of plaintiff Davis, a moustache which he now wears. The issues were joined on defendants' answer denying all material allegations of plaintiffs' complaint. Additionally, the defendants filed a motion to dismiss on October 2, 1970, the date of the hearing.

The Court reserved ruling on the motion to dismiss. Both plaintiffs and defendants stipulated at the conclusion of the hearing that the cause was submitted on the merits with the presentation of all evidence having been made.

The Court observes and it is uncontroverted in the evidence that both plain-

tiffs had hair well below their collar and that plaintiff Davis wears a moustache.

The plaintiffs' complaint, as well as the supporting affidavits requesting injunctive relief, contends that the plaintiffs were refused admission to Lebanon Senior High School on the sole ground that the length of their hair failed to conform to school rules and regulations. If the evidence submitted had supported this contention, it would be incumbent upon this Court to grant injunctive relief and call the attention of the Lebanon Community School Corporation authorities to the cases of Breen v. Kahl 419 F.2d 1034 (7th Cir. 1969) and Crews v. Cloncs, (7th Cir. 1970) No. 18110. In the *Breen* case, the Court stated:

"The right to wear one's hair at any length or in any desired manner is an ingredient of personal freedom protected by the United States Constitution."

This Court now directs the attention of the school authorities to the aforesaid decisions of the United States Court of Appeals for such action as is appropriate thereunder.

As stated, if this case were before the Court solely upon the issue of long hair, the matter would be quickly resolved on the basis of the foregoing decision. The issues involved here, however, go to the power and authority of the school boards and officials to properly operate the school system for the benefit of the particular community.

It is the duty of school administrators to enforce reasonable rules and regulations for the proper conduct of the school system, the students, and the educational process in general. Jackson v. Dorrier, 424 F.2d 213, 219 (6th Cir. 1970). See also Whitfield v. Simpson, 312 F.Supp. 889, 894 (E.D.Ill.1970). After having heard the evidence in this cause, it is the opinion of the Court that the type of case now before it will not diminish in number, but may well increase as ingenious counsel, litigants, and others, attempt to frame various controversies in constitutional terms to satisfy jurisdictional requirements. Uncontroverted evidence pertaining to these two plaintiffs provides an insight into the fundamental issues in the case. Both plaintiffs, by their own admission, have shown a negligible interest in their education. This lack of interest has manifested itself in lackadaisical performance and a high degree of tardiness and absenteeism. Their academic standings were extremely poor with their grades being mostly D's and F's during the time of high school attendance.

Plaintiff Davis chronically slept in class. He is still a sophomore and will soon pass the age of 18. On the basis of his record, he would be unable to complete high school until age 21. The record further discloses that plaintiff Davis has stolen school property; has committed damage to school property amounting to approximately $250.00; has been found to be a juvenile delinquent in the Boone Circuit Court; has stolen whiskey from his father's store and tavern, and has sold it to others contrary to law.

Plaintiff Bouse will soon be 20 years old and cannot complete high school until after he is 21 years old. He has admitted that he has used a form of narcotic drug; that he was arrested in California and sent back to Indiana by the California authorities; that he had not been in school for one and one-half years prior to the fall of 1970; and that the main reason he wants to return to school is to "be near his wife."

Plaintiffs Bouse and Davis both availed themselves of their Fifth Amendment rights and refused to answer questions concerning whether or not they had ever used or possessed narcotics, marijuana or other drugs. Further, they refused to answer questions concerning whether they had ever supplied marijuana, narcotics, or other forms of drugs to persons who were students in attendance at the Lebanon Community School Corporation.

Recorded cases in Indiana on school discipline are infrequent. This Court

finds on balance that this case involves the broader issue of school discipline and the fundamental right of school authorities to exercise their discretion in properly conducting the educational system.

Before a Court proceeds to intervene in matters of school discipline, it is well to consider the admonition of the United States Supreme Court calling upon the courts to interfere only with great caution where school authorities are shown to have acted formally or with due process. It has been stated thus:

"Judicial interposition in the operation of the public school system of the Nation raises problems requiring care and restraint. Our courts, however, have not failed to apply the First Amendment's mandate in our educational system where essential to safeguard the fundamental values of freedom of speech and inquiry and of belief. By and large, public education in our Nation is committed to the control of state and local authorities. Courts do not and cannot intervene in the resolution of conflicts which arise in the daily operation of school systems and which do not directly and sharply implicate basic constitutional values." Epperson v. Arkansas, 393 U.S. 97, 104, 89 S.Ct. 266, 270, 21 L. Ed.2d 228 (1968).

"[T]he Court has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 507, 89 S. Ct. 733, 737, 21 L.Ed.2d 731 (1969).

■ This Court now finds it unnecessary to rule upon this case as to the merits. The Court does consider the evidence presented at the hearing for purposes of making a determination on defendants' motion to dismiss. In the opinion of this Court, the defendants have made a sufficient showing that the plaintiffs, and each of them, were ex-

pelled and suspended from school for reasons in addition to those alleged in their complaint; that on the basis of the evidence, there is no substantial federal question involved. Therefore, this Court is without jurisdiction.

Furthermore, plaintiffs have not pursued state administrative and judicial remedies to correct the allegedly erroneous decision of the Lebanon Community School Corporation as applied to them by the respective school authorities and the School Board of Trustees.

■ Both of these plaintiffs have complete and adequate remedies under the provisions of the Indiana law. A school board is an agency of the State of Indiana. The act of suspending or expelling a high school student constitutes an administrative adjudication as to any student so affected. Indiana Statutes establish a uniform method of administrative adjudication by all agencies of the state. The statute provides for due notice and an opportunity to be heard and to present evidence before the agency. It establishes a uniform method of court review of such administrative adjudication. Both of the plaintiffs herein may still proceed within the framework of the Indiana law, as more fully pointed out hereafter.

The Constitution of Indiana, Article 8, Section 1, provides as follows:

"Section 1. *Common Schools.*—Knowledge and learning, generally diffused throughout a community, being essential to the preservation of a free government; it shall be the duty of the General Assembly to encourage, by all suitable means, moral, intellectual, scientific, and agricultural improvement; and to provide, by law, for a general and uniform system of Common Schools, wherein tuition shall be without charge, and equally open to all."

An Attorney General's Opinion citing the above constitutional provision states:

"In carrying out the duties relating to establishment and maintenance of

schools, the local authorities merely act as agencies of the state with the state being the principal and such functions are essential matters of state concern and subject to state regulation and control." (See Attorney General's Opinion No. 19, April 14, 1953.)

In discussing a controversy between the Juvenile Court and a school board, it was observed as follows:

"From the foregoing, it may reasonably be concluded that under the divisional branches of government, the Constitution has seen fit to place the school system in the hands of the administrative branch of the government, pursuant to such laws as are enacted by the legislature. School officials must necessarily establish, maintain and operate schools and in doing so, they are given reasonable discretion in determining what is necessary to maintain discipline even to the point of exclusion of pupils where the welfare of the school system requires it. From the foregoing it is not meant to imply that arbitrary or capricious actions of officers are beyond the jurisdiction of the courts, but the rule is well settled that where the matter is one for the discretion of school officials, is reasonably exercised in the interest of the school system, it does not become a matter for judicial interference. Otherwise, the courts would run the schools and not the administrative branch of the government." (See O.A.G. 19, April 1953.)

The powers of the Lebanon Community School Corporation are set forth in Burns' Indiana Statutes, Sec. 28–6410, and the appropriate provisions are set out below:

"*Specific powers.*—In carrying out the school purposes of each school corporation, its governing body acting on its behalf shall have the following specific powers: * * *.

(2) To take charge of, manage and conduct the educational affairs of the school corporation * * *

(17) To prepare, make, enforce, amend and/or repeal rules, regulations and procedures for the government and management of the schools, property, facilities and activities of the school corporation, its agents, employees and pupils and for the operation of its governing body, which rules, regulations and procedures may be designated by any appropriate title such as 'policy handbook,' 'by-laws,' 'rules and regulations.' "

It is clear that a school board is an agency of the State of Indiana and therefore is subject to the provisions of the Administrative Adjudication Act as set forth in Burns' Indiana Statutes, 1961 Repl., Section 3001 et seq. The purpose of said Act is set forth in Section 63–3001 thereof as follows:

"*Intent of Act.*—It is the intent to establish a uniform method of administrative adjudication by all agencies of the State of Indiana, to provide for due notice and an opportunity to be heard and present evidence before such agency and to establish a uniform method of court review of all such administrative adjudication."

The statute in question has detailed provisions requiring notice to any concerned party, a hearing with opportunity to be represented in person or by counsel, or both, a transcript of testimony, and a recorded finding of fact from the evidence presented. It is required that any final determination by an agency of the State of Indiana shall be spread of record and notice promptly given to all parties.

After a final administrative determination, any party or person aggrieved by any order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with said Administrative Adjudication Act. As specified at length in said statute, a review may be had before the Circuit or

Superior Court of the county in which such person resides.

 Reference has been made to the Indiana law as set forth above to point out that the two plaintiffs herein have raised a question as to the proper use of the power and authority of the Lebanon Community School Corporation in expelling or refusing to admit the two plaintiffs herein to attendance at the Lebanon Senior High School. In the opinion of the Court, the two plaintiffs herein have a right to a full and complete consideration of their case before the School Board of the Lebanon Community School Corporation. This School Board then has the obligation under the laws of the State of Indiana to make a final determination as to these two plaintiffs. Such a determination would be subject to judicial review.

To summarize, the educational process for the children of the State of Indiana has been and continues to be the responsibility of state government. The federal government for the most part has chosen to leave the principal regulatory responsibility with the state as to such education. Epperson v. Arkansas, supra. Under the laws of the State of Indiana, there is available to these two plaintiffs state administrative and judicial review of the issues raised even though they be framed in constitutional terms. It is not necessary to bring the local school officials of Lebanon into federal court to review their action. The claims may well be submitted to the School Board for final adjudicative determination. Thereafter, said plaintiffs may proceed to have judicial review as specified by the statutes in the state court. The state courts are qualified to act as to federal constitutional questions, if raised, and the same may be appealed from the Indiana Supreme Court to the Supreme Court of the United States.

The Court hereby finds:

1. Plaintiffs' claim in its entirety shall be dismissed.

2. This Court does not have jurisdiction for the reason that the evidence shows that the matters at issue should properly be submitted for state administrative and judicial remedies.

This Court would further point out, however, that the two plaintiffs herein are entitled to a formal hearing, if they so apply, before the Board of School Trustees of the Lebanon Community School Corporation, all within the framework of the provisions of Burns' Indiana Statutes, ¶ 63–3001 et seq.