**Mark BOYD, by his parents, Oscar Boyd and Dorothy Boyd, and on behalf of all other similarly situated individuals**

**v.**

**Quentin P. SMITH et al.**

**Civ. No. 72 H 267.**

United States District Court,
N. D. Indiana,
Hammond Division.

Jan. 24, 1973.

Seymour Moskowitz and Linda Moskowitz, Indiana Civil Liberties Union, Calumet Chapter, Gary, Ind., for plaintiff.

William J. Regan, Merrillville, Ind., for defendants.

## MEMORANDUM

BEAMER, Chief Judge.

This action is brought on behalf of plaintiff and an alleged class of other students in the Gary Public Schools who have been, or may be, suspended or excluded from school and school activities for more than five days without adequate notice, opportunity for a hearing and other procedures conforming to the procedural and substantive requirements of the Fourteenth Amendment of the Federal Constitution and applicable state statutes. Relief is sought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1343(3). Defendants assert that the complaint fails to state a claim upon which relief can be granted, and that the Court lacks subject matter jurisdiction. Defendants have also submitted a motion for a more definite statement. Plaintiffs seek injunctive relief prohibiting the alleged practices of defendants and ordering the establishment of written rules and standards; in addition, they claim actual and punitive damages.

Defendants first contend that the right to an education is not a privilege guaranteed or secured by the "privileges and immunities" clause of the Fourteenth Amendment. The Court merely notes that it is "beyond question" that the plaintiff's interest in continuing his high school education is within the purview of the Fourteenth Amendment's due process protection. Betts v. Board of Education of City of Chicago, 466 F.2d 629 (7th Cir., decided August 25, 1972).

Defendants also assert that they are immune from liability under § 1983. It is well established in this circuit that municipalities, including school boards and school officials, are "persons" for purposes of equitable relief under § 1983. See, e. g., Schnell v. City of Chicago, 407 F.2d 1084 (7th Cir. 1969). Plaintiff also asserts that the defendants are personally liable in damages for violating plaintiff's constitutional rights. Officials such as the present defendants retain only a qualified immunity, dependent on good faith action, and therefore immunity is no ground upon which to dismiss the complaint at this stage of the proceedings. McLaughlin v. Tilendis, 398 F.2d 287 (7th Cir. 1968.) See also Scoville v. Board of Education of Joliet, 425 F.2d

10 (7th Cir. 1970), cert. denied 400 U.S. 826, 91 S.Ct. 51, 27 L.Ed.2d 55. The authorities cited by defendants are not to the contrary, for they recognize that city officials may be liable in damages if they personally participate in or direct the infliction of the alleged injury. Sanberg v. Daley, 306 F.Supp. 277 (N. D.Ill.1969).

■ Third, defendants contend that exhaustion of administrative remedies should be required in school discipline cases. Tillman v. Dade County School Board, 327 F.Supp. 930 (D.Fla.1971); Bouse v. Hipes, 319 F.Supp. 515 (S.D. Ind.1970). Indiana has recently enacted a comprehensive statutory scheme which delineates student conduct constituting grounds for suspension and expulsion and which sets forth procedures to be followed in school discipline cases, including appeal and judicial review. IC 20–8–9.5–1 et seq., Ind.Ann.Stat. § 28–5354 et seq. (Burns Supp.1972). The Court agrees with plaintiff that generally exhaustion of administrative remedies is not required under the Civil Rights Act.[1] However, none of the cases cited by plaintiff involved school disciplinary procedures, and the issue is whether the rule is applicable in such a context. Plaintiffs contend that reliance upon the *Bouse* decision is misplaced in light of relevant Seventh Circuit cases which have recently dealt with school-related problems, but none of the decisions cited discussed the issue presented here.[2] From an examination of the Tillman case, on the other hand, it is apparent that the Fifth Circuit has approved a requirement of exhaustion of administrative remedies in school disciplinary cases.

The Fifth Circuit, in Stevenson v. Board of Education of Wheeler County, Georgia, 426 F.2d 1154 (5th Cir. 1970), cert. denied 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265, reviewed the Supreme Court cases discussing exhaustion of remedies under § 1983 and concluded:

> We do not take these cases to hold, however, that federal courts are to intervene in school personnel and management problems without requiring such prior reference to local institutional authority as may be necessary to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication. On finality, cf. Scoggin v. Lincoln University, W.D.Mo., 1968, 291 F.Supp. 161, 173 (dictum in student suspension case).
>
> 426 F.2d at 1157.

The Court found that action is final from the institutional viewpoint upon denial of relief to the student by the school board or the designee of the school board. Thus it is the Fifth Circuit's view that exhaustion of administrative remedies is still required to the extent it is necessary to have an authoritative institutional decision or pronouncement, and it may therefore be necessary to require a school student to seek school board review of a principal's action. Hall v. Garson, 430 F.2d 430 (5th Cir. 1970). This gives the institutional authorities an opportunity to either vacate the decision or make it final before litigation ensues. The requirement has been interpreted as applying where a simple and adequate administrative remedy is supplied by state law and there exist underlying issues of state law. Griffin v. DeFelice, 325 F.Supp. 143, 145 (E.D.La.1971).

1. *See, e. g.*, McNeese v. Board of Education, 373 U.S. 668, 83 S.Ct. 1433, 10 L. Ed.2d 622 (1963). Plaintiffs cite numerous cases involving welfare claimants which support the same rule, the latest of which is Carter v. Stanton, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972).

2. Plaintiffs rely on Breen v. Kahl, 419 F.2d 1034 (7th Cir. 1969), cert. denied 398 U.S. 937, 90 S.Ct. 1836, 26 L.Ed. 2d 268, but there the plaintiffs exhausted administrative remedies. A hearing was held in Crews v. Cloncs, 432 F.2d 1259 (7th Cir. 1970). The exhaustion issue was not presented or discussed in Arnold v. Carpenter, 459 F.2d 939 (7th Cir. 1972).

Nevertheless, this line of cases has not required exhaustion before determining whether federal rights have been violated in the procedures followed by the academic agency in processing the plaintiff's grievance so as to deprive him of due process of law.[3] Without expressing any view on the rationale of *Bouse, supra,* it is evident that *Bouse* is not inherently inconsistent with this result, for there the plaintiffs did not allege a deprivation of due process.

■ Since a deprivation of due process is alleged, plaintiff contends that the *Stevenson* exhaustion requirement in school discipline cases does not apply here. The complaint alleges that after principal Smith suspended plaintiff, plaintiff's mother and father conferred with the principal at the school. Several days later plaintiff's mother had another conference with the principal and one of the school social workers. Subsequently, she made numerous calls to Gary school personnel, and spoke with defendant Bromley on two occasions. Bromley allegedly informed plaintiff's mother that there would be no hearing afforded plaintiff because the Gary School Board had not adopted proposed hearing procedures. Plaintiff's mother never contacted the superintendent of schools, although it is alleged that she attempted to do so. However, it is not alleged that a request for a hearing was ever made to the school board, and under the *Stevenson* rationale a denial of relief by the school board or its designee must precede any federal court action. *Stevenson, supra,* 426 F.2d at 1157. Moreover, the Indiana statutory scheme provides for the contingency of administrative action which is in contravention of statutory or constitutional procedural rights and gives an aggrieved student a self-instituting remedy. IC 20–8–9.5–15, Ind. Ann.Stat. § 28–5368 (Burns Supp. 1972) provides in relevant part:

> Where a student or his parent believes that the student is being improperly denied participation in any educational function of the school corporation, or is being subjected to an illegal rule or standard, as provided by the statutes of the state of Indiana or applicable statute of the United States, or by the constitutions of the state of Indiana or of the United States, he shall, if unable to work out his problems with members of the administrative staff, be entitled to initiate a hearing by filing a charge with the superintendent in the same manner as a charge is initiated by the principal under section 9 [§ 28–5362] hereof,
>
> . . .

The complaint in this action does not allege that plaintiff attempted to enforce his right to a hearing by filing a charge with the superintendent. Therefore, it is clear that there has not been "such prior reference to local institutional authority" as is necessary "to assure that the action complained of is final within the institution in the sense that it is ripe for adjudication." *Stevenson, supra.*

■■ The Court believes the Fifth Circuit rule is a sound one, and that it is applicable here. Plaintiff makes no claim that the statutory procedures are unfair, inadequate, unavailable or ineffective to correct any errors of the school officials, and he should not be allowed to assert that the initial stage of the administrative process is unfair unless he is also prepared to show that the statutory procedure is incapable of correcting such error. *See* Bonner v. Texas City Independent School District, 305 F.Supp. 600, 619 (S.D.Texas 1969). Contrary to plaintiff's contention, there is some authority in the Seventh Circuit for requiring exhaustion of remedies in certain cases under § 1983 where the plaintiff chooses not to avail himself of them and shows no reason for refusing them. In Elmwood Properties, Inc. v. Conzelman, 418 F.2d 1025, 1027 (7th Cir. 1969), cert. denied 397 U.S. 1063,

3. *See, e. g.,* Lucas v. Chapman, 430 F.2d 945, 947 (5th Cir. 1970); Callaway v. Kirkland, 320 F.Supp. 1135, 1136–1137 (N.D.Ga.1970).

90 S.Ct. 1498, 25 L.Ed.2d 684, the court stated:

It appears that the due process violations which the plaintiffs allege would be sufficiently overcome by a utilization of the available state remedies. Under Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945), an exhaustion of state remedies is not required; nevertheless, when, as here, an exhaustion of remedies will eliminate any possible constitutional problems, then that route should be followed.

Moreover, after the institution of this lawsuit, the parties stipulated that plaintiff would be admitted to school, and that he would not thereafter be excluded or suspended from school for more than five days without notice and a hearing which comports with due process. The defendants also agreed that this stipulation applied to all other students in the school. It is the opinion of the Court that this agreement renders the claim for injunctive relief no longer justiciable.

■ Plaintiff's complaint alleges that other students have been deprived due process in the past, as well as plaintiff. None of these individuals are identified, nor is it alleged that any of them applied for relief to the school board or followed the procedure outlined in IC 20–8–9.5–15, *supra*. In addition, since the pleadings reveal that plaintiff Boyd has been readmitted to school, he is not a proper class representative to bring an action attacking the school authorities' practices with respect to suspension. *See* Jackson v. Hepinstall, 328 F.Supp. 1104 (D.N.Y.1971).

■ Although plaintiff's complaint also requests injunctive relief requiring school authorities to promulgate written rules of conduct and procedure in discipline cases, the Court agrees with defendant that this request fails to state a claim upon which relief can be granted. The Indiana statutory provision, IC 20–8–9.5–15, *supra*, applies to grievances concerning rules and standards of the school administrators as well as those involving disciplinary matters. Thus, the exhaustion of institutional remedies rule applies to this claim as well. In addition, there exists an alternative ground for denying relief.

■ In Soglin v. Kauffman, 418 F. 2d 163 (7th Cir. 1969), the Seventh Circuit held that prolonged suspension may not be imposed on university students without reference to any reasonably clear and narrow preexisting rule which supplies an adequate guide to behavior. It is arguable that high school officials, as well as college administrators, must refer to preexisting rules embodying both procedural and substantive standards; however, the Seventh Circuit has emphasized that "greater flexibility may be permissible in regulations governing high school students than college codes of conduct because of the different characteristics of the educational institutions, the differences in the range of activities subject to discipline, and the age of students." *Crews, supra*, 432 F.2d at 1262, n. 3, *quoting Whitfield*, 312 F.Supp. 889 (E.D. Ill. 1970), at 898 (dissenting opinion). In this case the "preexisting standards" are set by statute. Promulgation of written regulations by school officials was not required in *Whitfield, supra*, when the Court found the statutory definition sufficient. Unlike the plaintiff in Linwood v. Board of Education of City of Peoria, 463 F.2d 763 (7th Cir., decided June 16, 1972), plaintiff here has not attacked the statutory scheme either on vagueness or any other ground. Therefore, the Court need not analyze the sufficiency of the statutory provisions at any length; the Court only holds that insofar as reference to preexisting written rules was or is required, the statutory provisions provide a basis for disciplinary action which comports with the requirements of procedural due process.

For the reasons stated, the motion to dismiss is granted.