**Sheryl CARDER, individually and as representative for a class of parents similarly situated, and Dennis Wilson, individually and as representative for a class of students similarly situated, and Reuben Carder, Plaintiffs,**

v.

**MICHIGAN CITY SCHOOL CORPORATION and Verne Ashe.**

**No. S 82–440.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 14, 1982.

Jonathan R. O'Hara, Valparaiso, Ind., for plaintiffs.

Donald E. Transki, Merlyn Charles Bartlett, Michigan City, Ind., Lloyd M. Allen, David M. McTigue, South Bend, Ind., for defendants.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

Plaintiffs' claim under 42 U.S.C. § 1983 should be maintained because the plaintiffs have alleged separate independent federal claims recognizable under the Fourteenth Amendment to the Constitution of the United States. The facts alleged in plaintiffs' complaint state claims for denial of due process and equal protection guaranteed by the Fourteenth Amendment. The suspension of a student from school for a parent's failure to pay textbook fees amounts to a denial of equal protection. *Canton v. Spokane School District # 81,* 498 F.2d 840 (9th Cir.1974). The fact that the plaintiffs added a claim for violation of state rights does not mean that the plaintiffs' claim is based upon the statute. I.C. § 20–8.1–9–10 prohibits the denial of privileges or benefits for failure to pay school fees. The viability of plaintiffs' federal claims does not in any way depend upon the existence of the state statute. Since one of the purposes of § 1983 is to provide a remedy in the federal courts supplementary to any remedy a state might have, plaintiffs are not precluded from bringing this action in federal court under § 1983 despite the presence of the state statute.

■ No exhaustion requirement should be imposed by this Court because it is not clear that the Indiana legislature intended to provide administrative remedies for this type of violation. Defendants cite a statute which appears in a different chapter than the one dealing with non-payment of textbook fees. Applying the administrative remedy statute, I.C. § 20–8.1–5–14, to the statute dealing with textbook fees, I.C. § 20–8.1–9–10, is illogical. Before this Court could ever impose an exhaustion requirement, it must find that the remedy suggested by the defendants was intended by the Indiana legislature to apply to the fact situation alleged by the plaintiffs. Defendants have failed to show that the remedy clearly applies to the fact situation before this Court. This Court therefore will not impose an exhaustion requirement.

The rules of statutory constriction followed in the Indiana courts indicate that it would be improper to interpret I.C. § 20–8.-1–5–14 as an administrative remedy applicable to I.C. § 20–8.1–9–10. Each of the sections appears in different chapters of the code. It appears from the entire context therefore that I.C. § 20–8.1–5–14 applies to specific situations involving school discipline and not situations such as aid for textbook fees where I.C. § 20–8.1–9–10 is found. Since the textbook fee statutes were enacted after the school discipline statutes, there is a strong presumption that the Indiana legislature enacted them with the school discipline statutes in mind. Further, since the legislature through the absence of wording in the statutes and the legislative history made no reference to the prior statute, it is unclear at best whether the legislature intended to make the school discipline statute of I.C. § 20–8.1–5–14 apply to school fee situations mentioned in I.C. § 20–8.1–9–10. Construing the school discipline statute to be applicable to the school fee statute will produce illogical results, an outcome disfavored by Indiana courts. This Court will not impose an exhaustion requirement on the plaintiffs in this case since it is not clear that an exhaustion requirement exists under Indiana law.

■ It would be wrong to apply I.C. § 20–8.1–5–14 to I.C. § 20–8.1–9–10 since they appear in different chapters of title 20 and cover different problems in the administration of schools. The title of an enactment must be considered in order to determine the applicability of the enactment. *Bender v. State ex rel. Wareham,* Ind., 388 N.E.2d 578 (1979). The procedural statute, I.C. § 20–8.1–5–14 is found in the chapter of the code entitled "Due Process and School Discipline" whereas I.C. § 20–8.1–9–10, the section covering action to collect unpaid fees is found in the chapter entitled "Financial Assistance for School Children."

If the Indiana legislature had intended for children to use the procedural statute as a remedy when they are denied access to school because of unpaid book fees, it would logically have included the section in the chapter dealing with school discipline and procedure. The statute prohibiting the denial of any privilege for non-payment of fees makes no reference to the other section as a remedy and it is placed in a chapter where the only procedure is a procedure imposed on the schools to provide financial assistance to children. Since the statutory remedy of I.C. § 20–8.1–5–14 is placed within a section of the code dealing with the specific problem of school discipline and is not intended to cover every problem of school administration; application of the statute to the unrelated situation of non-payment of textbook fees would be improper. See, *Fort Wayne Transit, Inc. v. Indiana Motor Bus Co.,* 158 Ind.App. 290, 302 N.E.2d 786 (1973), *reh. den.,* 158 Ind. 290, 304 N.E.2d 336.

Application of the school discipline procedural remedy found in I.C. § 20–8.1–5–14 as an exhaustion requirement to the situation of a denial of access to school for non-payment of textbook fees, an act clearly prohibited by I.C. § 20–8.1–9–10, would be clearly improper because the application would produce illogical results. The language of I.C. § 20–8.1–9–10 clearly prohibits any school from denying access to children because of the non-payment of textbook fees. The language of I.C. § 20–8.1–5–14 is broad in that it refers to a denial of virtually any right guaranteed by the state of Indiana or the Constitution of the United States, construction of the statute in such broad terms to cover the situation before this Court produces unreasonable results. The specific statute involving school discipline gives the school corporation the right to delay final action on a matter until 30 to 45 days after the initial suspension of a student from school. To allow a school corporation to use this statute as a defense every time it commits an act such as the denial of access for failure to pay textbook fees would be to thwart the purpose of the prohibitory section involving actions to collect fees. It is illogical therefore to conclude that the Indiana legislature passed an act prohibiting the conduct mentioned in plaintiffs' complaint and intended for a school corporation covered by the act to avoid compliance with the act by use of an unrelated statute. If a statute is open to two interpretations, the presumption is that the legislature intended the more reasonable of the two, for a legislature cannot be presumed to have expected that a statute be applied in an illogical manner. *In Re Marriage of Lopp,* 268 Ind. 690, 378 N.E.2d 414, *cert. den., Lopp v. Lopp,* 439 U.S. 1116, 99 S.Ct. 1023, 59 L.Ed.2d 76 (1978). To give full effect therefore to I.C. § 20–8.1–5–14 and I.C. § 20–8.1–9–10, the former section dealing with school discipline must be narrowly construed to deal with circumstances pertaining to the discipline of students and not the fact situation before this Court. A broader construction of I.C. § 20–8.1–5–14 as an exhaustion requirement would extend the purpose of the statute beyond that which was intended by the Indiana legislature.

Assuming, *arguendo,* that one could fairly construe the statute cited by the defendants to impose a procedure which must be exhausted before suit can be filed, the cases cited by the defendants in support of their contention involving exhaustion of administrative remedies do not apply to the fact situation before this Court. All four of the cases dealt with issues and facts which were substantially different than the facts and issues raised in this case. In *Anderson v. Thompson,* 658 F.2d 1205 (7th Cir.1981), the issues revolved around a private right of action given by a federal statute instead of a case involving constitutional rights. The other three cases involved a challenge of procedural due process used in disciplinary actions taken by a school. The case before this Court challenges the constitutionality of the procedure and the action itself taken by the school in denying access or threatening a denial of access to children for failure of parents to pay textbook fees.

■ *Anderson, supra,* simply does not address the issues raised by the defendants.

872

The primary issue in *Anderson* was the availability of attorney fees under § 1988 when the sole basis of plaintiffs' complaint was a federal statute, not the violation of a constitutional right. The case does not stand for a principle concerning exhaustion of administrative remedies. The case before this Court is based upon the violation of constitutional rights which exist in spite of the existence or non-existence of the state statute. If the plaintiffs added state claims based on a state statute to the viable federal claims raised in the complaint by invoking the pendent jurisdiction of this Court, this does not mean that the sole basis of plaintiffs' case rests upon a state claim. As the Supreme Court stated in *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961) "It is no answer that the State has a law which if enforced would give relief. The federal remedy is supplementary to the State remedy, and the latter need not be first sought and refused before the federal one is involved." As a supplementary federal remedy 42 U.S.C. § 1983 gives the plaintiffs the right to seek relief for violations of their constitutional rights in spite of the existence or non-existence of a state remedy.

The other federal cases cited by the defendants also do not apply to this case. These cases only stand for the limited requirement of exhaustion of administrative remedies where the claimant seeks relief for violation of procedural due process in school disciplinary matters without seeking available administrative procedures. The general rule in cases under § 1983 is that exhaustion of remedies is not required. *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963), *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Even in *Boyd v. Smith*, 353 F.Supp. 844 (N.D.Ind.1973), relied upon by the defendants, this Court stated, "The Court agrees with plaintiff that generally exhaustion of administrative remedies is not required under the Civil Rights Act. (cites *Neese*) However, none of the cases cited by plaintiff involved school disciplinary procedures, and the issue is whether the role is applicable in such a context." Id.

at 846. The Court in *Boyd* relied heavily upon the dicta contained in *Stevenson v. Board of Education of Wheeler County, Georgia*, 426 F.2d 1154 (5th Cir.1970), *cert. den.*, 400 U.S. 957, 91 S.Ct. 355, 27 L.Ed.2d 265 and *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir.1976). The court in *Stevenson* found that suspensions for refusal to shave was not a violation of due process and stated, "no substantial federal constitutional question was presented." Id. at 1158. In *Hill* the Seventh Circuit did not have to address the issue of exhaustion since the claim was filed after the statute of limitations had run. The defendants rely upon the dicta in these decisions to support their claim that an exhaustion of administrative remedies is required in this case. If these decisions on the basis of dicta represent a limited exception to the settled doctrine that no exhaustion is needed they only apply to cases where the claimant, who is the subject of legitimate disciplinary action, seeks relief for violations of due process without seeking available state procedural remedies. The plaintiffs in this case were not the subjects of legitimate disciplinary action; therefore, the requirement of exhaustion of administrative remedies set forth in these cases would not apply.

■ The action taken by the defendants in this case in denying access to its schools because of non-payment of school fees was illegal, in itself. Therefore, no use of administrative remedies would obviate the deprivation that had already occurred. In each of the cases cited by the defendants, the school systems were taking legitimate actions to maintain discipline as an institution. Each of the institutions involved had a discretionary right to suspend the plaintiff students involved. In the case before this Court the defendants had no colorable right to deny access of the plaintiffs to the schools. Their action did not serve a legitimate statutory or constitutional purpose. Their action, in fact, violated state law, *e.g.* I.C. § 20–8.1–9–10, and the equal protection clause of the Constitution of the United States. When the plaintiffs were denied access to the school system, the

harm to them was already done. No additional procedures provided by the defendants could undo that fact. The rationale behind the cases cited by the defendants only applies where use of available state procedures would obviate the harm. A resort to available state procedures only applies when the sole violation of constitutional rights is procedural due process. Federal courts refrain from testing the fairness of procedures provided by the state until the state has provided all the procedure(s) which are available. This principle of "ripeness" stated in these cases does not apply when other constitutional rights are allegedly violated, because the harm has already been done. Defendants cite *Boyd* as a decision which is "foresquare in point with the factual situation in the case at hand." The Court in *Boyd* never dealt with the problem of denial of access to school because of parents' failure to pay textbook fees. A better decision is that of *Canton v. Spokane School Dist. No. 81,* 498 F.2d 840 (9th Cir.1974), where the plaintiffs sought compensatory and declaratory relief under § 1983 for embarrassment and humiliation suffered by students because they were unable to pay school fees. The Court held that exhaustion of administrative remedies was not required because the plaintiffs were seeking "relief from, or compensation for, a deprivation of civil rights which had already occurred, rather than merely forestalling a threatened future deprivation of rights." *Id.* at 844. In this case also the constitutional harm to plaintiff had already occurred. No procedure provided by the defendants can obviate that fact; therefore, plaintiffs' failure to exhaust putative administrative remedies will not preclude their right to bring this action in this Court under § 1983.

Defendants have alleged that plaintiffs' complaint should be dismissed because of a failure to exhaust administrative remedies. Defendants have failed to show, however, that the Indiana legislature intended to provide the administrative remedy to cover this fact situation. Even if their construction of the two unrelated statutes was a clear indication of legislative intent, the cases cited by the defendants do not apply to this fact situation. Case law which does not apply would clearly indicate that there is no constitutional impediment to this Court assuming jurisdiction over this controversy.

It is elementary under Rule 12(b)(6) of the Federal Rules of Civil Procedure that a motion to dismiss should not be granted if any facts are alleged upon which relief could be granted. In this case enough has been alleged to keep the doors of this Court open to afford plaintiffs an opportunity to prove a claim under the Fourteenth Amendment through 42 U.S.C. § 1983. That opportunity will be afforded. Motion to Dismiss DENIED. Pretrial conference will be set at an early date.